ROOT & TOMLINSON *v.* WILLIAM F. BARNES, *Trustee of* ISAAC WEAVER.

*Trustee process.    Negotiable paper discounted by a bank.*

A bank cannot defeat the operation of a trustee process summoning the maker of negotiable paper as the trustee of the payee, by discounting such paper after it has received notice of the trustee process or such information respecting it as should put a reasonable man upon inquiry.

If a bank *bona fide* discount such paper, it will not affect the liability of the trustee, after the interest of the bank is satisfied by the payment of their claim, by the person to whom the discount was made.

TRUSTEE PROCESS. The writ was served December 13th, 1852. The trustee disclosed that on the 3d day of December, 1852, he gave to the principal defendant his promissory note for $41.48, payable to the said defendant, or his order, in thirty days from date; that on the 20th of December, he received a notice from the bank of Rutland, that they had discounted said note. On the trial it appeared, in addition to what was stated in the disclosure, that on the same day that the note was given it was sold *bona fide*, for its full value, to Frederick Chaffee, and that he, on the 17th of December, 1852, had the note discounted at the bank of Rutland, and in addition to his endorsement of the note, gave to the bank his own note, as collateral security for the money received; that a notice from the bank was sent immediately to the trustee informing him, that the note was discounted; that the cashier of the bank had heard a rumor that Barnes had been served with a trustee process before the note was discounted; that one object Chaffee had in procuring the discount of the note was, to place it in a situation that Barnes could not be adjudged trustee of Weaver; and that, the note not being paid at maturity, the endorser Chaffee took it up, and paid the bank for the same, and also took up the note given as collateral security, and still held the note against Barnes.

Upon these facts the county court, March Term, 1854,—PIERPOINT, J., presiding,—decided that the trustee was not chargeable in this action; to which decision the plaintiffs excepted.

*I. T. Wright*, for the plaintiffs.

*W. T. Nichols*, for the trustee.

The opinion of the court was delivered by

REDFIELD, CH. J. The trustee process was served on the 13th day of December, 1852, and there seems to be no question but the plaintiff must hold the person summoned liable, unless the right is defeated by the negotiation to the bank, as Chaffee did not perfect his title to the note, by giving notice to the maker before the service of the trustee process, which is expressly required by the statute, to defeat the attachment.

The transaction with the bank seems to have been, in form, all that the statute required, to enable them to defeat the attachment,

by the trustee process. It may admit of some question, perhaps, how far the title of the bank could be regarded as *bona fide*, being acquired, after they had heard enough in regard to the service of the trustee process, one would suppose, to enable them, by reasonable inquiry, to learn all the facts, which is regarded ordinarily, as equivalent to full notice. And we do not consider that the bank could defeat the attachment, if their title accrued after notice of the attachment, or what, in equity, is equivalent, the knowledge of such facts as would put a reasonable man upon inquiry.

But in any view of the case, Chaffee having paid the bank their money, could not protect himself under the title of the bank, but must be regarded as holding, upon his former title merely. The title of the bank could not affect the liability of the trustee after it ceased to exist, by the payment of their claim, by the very person to whom the discount was made. To hold that it could would be a perversion of the purpose of the statute, which seems to have been to protect the interests of banks, to the accomplishment of the virtual defeat of the general objects of the statute, through an abuse of this proviso in favor of banks.

The negotiation to the bank could not affect the liability of the trustee any longer than the interest of the bank existed *bona fide*. And Chaffee's paying the money to the bank, could not in any just sense, be regarded as a purchase of the interest of the bank, but was to all intents an extinguishment of that interest. The case then stood the same as if the note had never been transferred to the bank.

Judgment reversed and judgment that trustee is liable.